OPINION OF THE COURT
Joseph Slavin, J.
Petitioner commenced a proceeding pursuant to Election Law article 16 to declare the nominating petition of respondent, a candidate for a position on Community School Board No. 15, invalid. In accordance with Election Law § 16-116, petitioner signed and verified the petition in support of his order to show cause. Said verification was taken and notarized by petitioner’s counsel on March 11, 1986. Upon the return in court of the petition to invalidate, respondent’s counsel presented a statement from the Secretary of State certifying that counsel’s notary commission was not in effect for the present period.
Respondent contends that the proceeding to invalidate his nominating petition must be dismissed because the verifica *598 tion of the petition before an attorney who had failed to renew his notary license is a fatal defect. Respondent does not contend that petitioner knew of this defect, or that the defect is apparent on the face of the verification.
Counsel for petitioner states that, at all times relevant hereto, he has been an attorney admitted to practice in the courts of the State of New York and, as such, was entitled to be a notary in accordance with Executive Law § 130. It is uncontroverted, however, that counsel failed to renew his notary license in 1984 for the two-year period extending through March 30, 1986.
The Legislature of the State of New York has long recognized that the mere possibility of an attack on the validity of a notary’s certificate or other act of a person purporting to be a notary public would be a matter of serious public concern. The law has therefore surrounded the acts of these officers with a variety of doctrines and statutes designed to cure defects (1958 Report of NY Law Rev Commn [NY Legis Doc No. 65 (E)], at 459, 461). The present statute, Executive Law § 142-a, provides:
"1. Except as provided in subdivision three of this section, the official certificates and other acts heretofore or hereafter made or performed of notaries public and commissioners of deeds heretofore or hereafter and prior to the time of their acts appointed or commissioned as such shall not be deemed invalid, impaired or in any manner defective, so far as they may be affected, impaired or questioned by reason of defects described in subdivision two of this section.
"2. This section shall apply to the following defects:
"(a) ineligibility of the notary public or commissioner of deeds to be appointed or commissioned as such;
"(b) misnomer or misspelling of name or other error made in his appointment or commission;
"(c) omission of the notary public or commissioner of deeds to take or file his official oath or otherwise qualify;
"(d) expiration of his term, commission or appointment;
"(e) vacating of his office by change of his residence, by acceptance of another public office, or by other action on his part;
"(f) the fact that the action was taken outside the jurisdiction where the notary public or commissioner of deeds was authorized to act” (emphasis supplied).
*599 To adopt the respondent’s theory that the proceeding must be dismissed would "punish” the petitioner for the actions of his attorney which, in itself, is not venal, nor was it intended in any fashion to institute an improper proceeding. Had the lawyer realized that his notary commission had expired, it would have been simple enough to have a proper notary take the verification. This application of form over substance, in this particular instance, would give the candidate respondent an unfair advantage in that there is, by reason of time restraints in instituting this type of proceeding, no other way to test the validity of the candidate’s nominating petitions.
The line-by-line review of the candidate’s nominating petition has been referred to Mr. Justice Golden and is continuing before him.
Accordingly, the motion to dismiss the petition to invalidate is denied.